IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:18-05010-CR-RK |
| | ) | |
| JAMES LOYD WAINRIGHT, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING MOTION TO SUPPRESS

Before the Court is Defendant James Loyd Wainright's Motion to Suppress. (Doc. 21.) United States Magistrate Judge David P. Rush held a hearing on the Motion to Suppress and issued a Report and Recommendation that the motion be denied. (Doc. 31, Tr.; Doc. 32.) Defendant then filed objections to the Report and Recommendation. (Doc. 35.) After careful consideration, and for the reasons stated below, the Court **OVERRULES** Defendant's objections to the Report and Recommendation; **ADOPTS** all of the Report and Recommendation except its analysis of the independent source doctrine; and **DENIES** the motion to suppress.

### Discussion

Under Federal Rule of Criminal Procedure 59(b)(3), "[a] district judge must consider de novo any objection to a magistrate judge's recommendation." The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Defendant first objects to Judge Rush's conclusion that the police had probable cause to conduct a limited search of his car to retrieve and secure his cell phone while police sought a warrant to search the phone's contents. It is well-established that police do not need a warrant to search an automobile, only probable cause. *United States v. Ross*, 456 U.S. 798, 807-08 (1982). The following evidence supported probable cause to target the phone as containing evidence of a crime, and thus to search the car where Defendant told them it was located:

- A white man driving a silver passenger car stopped near Hatten Park in Webb City, Missouri and asked C.D. (a fifteen-year-old boy) if he knew where "D.P." lived. After leaving for a short time, the man came back and asked if C.D. wanted to "make a couple hundred bucks."

1

- A neighbor corroborated hearing the man offer C.D. "a couple hundred bucks" and provided a description that matched Defendant (white male, approximately thirty years old, short in stature, heavy-set, with brownish red hair).

- A few weeks later, a man who fit essentially the same description approached D.N. (a fifteen-year-old boy) and M.S. (a thirteen-year-old boy) in a silver four-door passenger car with a spoiler on the back. He offered them money for sex, showed them $200 cash, and instructed them to meet him in the park to engage in sexual acts. According to D.N., the man told them he would record them with a video camera and upload the video to his YouTube channel.

- Approximately a month-and-a-half after that, the same man in the same car approached the two boys again and asked if they wanted to make some money. The boys refused, and the man drove away very fast when D.N. attempted to take a picture of him with his cell phone. The boys also attempted to take down the license plate number as "KM63MG."

- This license plate number belonged to a vehicle that did not match the description of the vehicle given to police, so they ran plate number KN6M3G, which checked back to a silver Mazda 6 owned by Defendant.

- Defendant and his license photo matched the description in all three police reports.

- D.N. positively identified Defendant in a photo lineup.

- Police observed a 2008 Silver Mazda 6 passenger car with a spoiler on the trunk bearing license plate number KN6M3G in Defendant's driveway.

- D.N. positively identified this vehicle as the same car that had approached him and M.S. on both occasions.

- Defendant admitted as follows to police:
    - He had recently driven to Webb City from his home in Joplin and asked a few people at Hatten Park, including two teenage kids, if they knew his friend, "D.P."
    - He drove the Silver Mazda 6, and no one else had driven his car.
    - He had a YouTube channel, and he used his cell phone to access it.
    - He had a cell phone with a video camera.
    - The cell phone was in his car at the police station in the front passenger seat.

This evidence was sufficient to establish probable cause that Defendant's cell phone (and thus his car) contained evidence of sex crimes involving these and possibly other children. Defendant's objection regarding the search of the car is overruled.

Defendant next argues that the police were not allowed to hold his cell phone while police sought a warrant to search its contents. The Court disagrees. Because the police had probable cause to believe Defendant's cell phone contained evidence of sex crimes involving children, they were allowed to secure the phone "to preserve the status quo while a search warrant [wa]s being

2

sought." *Segura v. United States*, 468 U.S. 796, 809 (1984). "Where law enforcement authorities have probable cause to believe that a container holds contraband or evidence of a crime, but have not secured a warrant, the [Eighth Circuit] has interpreted the Fourth Amendment to permit seizure of the property, pending issuance of a warrant to examine its contents, if the exigencies of the circumstances demand it . . . ." *United States v. Goodale*, 738 F.3d 917, 922 (8th Cir. 2013) (cleaned up). Here, Defendant was aware of the police's investigation, but he was not being arrested. As a result, he could have destroyed any evidence it contained if the police had not secured the phone. This situation was sufficiently exigent to justify seizing the phone to preserve potential evidence while a warrant was being sought. Accordingly, Defendant's objection to Judge Rush's analysis of the exigent circumstances doctrine is overruled.

Judge Rush also analyzed the independent source doctrine. Because this was an alternative theory for denying the motion to suppress, the Court need not reach and will not adopt that portion of the Report and Recommendation. Accordingly, the Court need not address Defendant's objection regarding the independent source doctrine.[1]

## Conclusion

Accordingly, the Court **OVERRULES** Defendant's Objections to the Report and Recommendation (Doc. 35); **ADOPTS** and incorporates herein all of the Report and Recommendation except its analysis of the independent source doctrine (Doc. 32); and **DENIES** Defendant's Motion to Suppress Evidence (Doc. 21).

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: December 27, 2019

---

[1] Defendant also argues that the Report and Recommendation contains an erroneous factual finding. The Report and Recommendation notes that Defendant does not challenge the warrant to search his cell phone. (Doc. 32 at 11.) Defendant argues this is incorrect because his motion seeks to suppress "all evidence obtained after the seizure of the cell phone." (Doc. 35 at 2.) This does not mean Judge Rush's finding was incorrect. Upon review of the record, the Court sees no argument from Defendant that the warrant lacked probable cause. In any event, it is apparent from the evidence discussed above that there was probable cause to search the phone. Accordingly, this objection is overruled.